Filed 8/1/14  P. v. Garcia CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SAL JESUS GARCIA,<br><br>Defendant and Appellant. | C074813<br><br>(Super. Ct. No. 12F06316) |

Appointed counsel for defendant Sal Jesus Garcia has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)

Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed and we

1

have received no communication from defendant. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.) On September 20, 2012, defendant approached the victim as she was picking up recyclables in the street. Yelling at the victim, defendant hit her on the head and back with a "cane like object." Defendant was later charged with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] and robbery (§ 211).

Criminal proceedings were subsequently suspended and a psychiatrist (Charles Schaffer, M.D.) was appointed so defendant's competency could be evaluated. Dr. Schaffer evaluated defendant, found him competent to stand trial, and criminal proceedings recommenced.

On February 21, 2013, defendant pleaded not guilty to the charges alleged and rejected the People's offer of four years in prison. The complaint was later amended to include allegations that defendant was previously convicted of a strike offense (§§ 667, subds. (b)-(i); 1170.12) and served three terms in prison (§ 667.5, subd. (b)). That same day, defendant moved pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*), to have appointed counsel removed. (RT 1-12) The trial court denied his motion. (RT 12)

Following the denial of his *Marsden* motion, defendant pleaded no contest to assault with force likely to produce great bodily injury. (§ 245, subd. (a)(4).) Defendant also admitted he was previously convicted of a strike offense and served a term in prison. In exchange for his plea, the People agreed defendant would serve an aggregate term of five years in state prison.

---

[1] Undesignated statutory references are to the Penal Code.

2

Following a referral to probation, the trial court sentenced defendant in accordance with his negotiated plea agreement. The court ordered defendant to pay various fines and fees and awarded him 632 days of presentence custody credits. Having obtained a certificate of probable cause, defendant appeals from the judgment.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


      HULL      , Acting P. J.


We concur:


      BUTZ      , J.


      MURRAY      , J.